IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLYDE JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-087 |
| | ) | |
| BRIAN ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is Respondent's motion to dismiss the petition for lack of exhaustion.  (Doc. no. 11.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED IN PART**, (id.), Petitioner's ground four claim be **DISMISSED** for failure to exhaust, and Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claims; or (2) notify the Court of his preference to proceed in this Court only with respect to his remaining exhausted claims.

### I.   BACKGROUND

On August 30, 2017, Petitioner was convicted in the Superior Court of Richmond County on four counts of child molestation and sentenced to twenty years in prison.  (Doc. no. 4.)  On September 9, 2017, Petitioner filed a motion for new trial, arguing ineffective assistance of counsel and the verdict was against the weight of the evidence.  (Id. at 2.)  On October 4, 2018, the trial court denied the motion.  (Id.)  Petitioner, through counsel,

appealed the trial court's denial of his motion on three grounds: (1) trial counsel failed to file a motion in limine and object to hearsay statements; (2) the trial court erred in denying Petitioner's motion for mistrial based on improper testimony concerning Petitioner's character; and (3) the trial court erred by commenting on the veracity of information in two of the State's exhibits. (See doc. no. 12-1, pp. 3-4.)

On October 17, 2019, the Georgia Court of Appeals affirmed the denial of Petitioner's motion, finding as follows:

> Jordan has failed to show a reasonable probability that but for this evidence, the outcome of the trial would have been different . . . the jury heard no evidence even suggestive of bad character, [therefore] we find no abuse of discretion by the court in denying mistrial . . . Nothing in the trial judge's statement could be construed as commenting on the substance of evidence shown on those documents or on Jordan's guilt. Accordingly, we find that Jordan has not shown error, much less plain error.

(Id. at 10, 13, 16.)

Petitioner has not filed a state habeas petition. (Doc. no. 4). On June 9, 2020, Petitioner filed in this Court a habeas petition on forms used for state habeas corpus actions in the Superior Courts of the State of Georgia. (Doc. no. 1.) On June 25, 2020, the Court explained the confusion generated by this mistake and ordered Plaintiff to file an amended petition on the standard form for § 2254 petitions if, in fact, he intended to seek federal rather than state habeas relief. (Doc. no. 3.) On July 2, 2020, Petitioner filed an amended petition on the federal form, and on September 1, 2020, Respondent filed a response and a motion to dismiss for lack of exhaustion. (Doc. nos. 4, 10-11.) On October 6, 2020, Petitioner filed a brief and response to the motion to dismiss, explaining he is confused and intended to file a state habeas petition rather than a federal habeas petition. (Doc. no. 16.)

Petitioner asserts four grounds for relief in his amended petition, (doc. no. 4), and another nine grounds in a handwritten attachment, (doc. no. 4-1). Upon examination of the

thirteen total grounds, the Court finds significant overlap and identifies only the following four grounds for relief: (1) trial counsel failed to file motions in liminie seeking exclusion of hearsay testimony and failed to object at trial to numerous hearsay statements; (2) the trial court erred by denying trial counsel's motion for mistrial when a witness referenced Petitioner's prior prison incarceration; (3) the trial court erred by commenting on the authenticity of the State's evidence; and (4) the evidence at trial was insufficient to support his conviction. (See doc. nos. 4, 4-1.) Respondent argues the petition should be dismissed under 28 U.S.C.§ 2244 (b) and (c) because it is a mixed petition asserting an unexhausted claim in ground four and exhausted claims in grounds one, two, and three. (See doc. no. 11.) The Court agrees.

## II.     DISCUSSION

### A.     The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277.

4

### B. Petitioner's Ground Four is Unexhausted

Ground four contends the evidence at trial was insufficient to support Petitioner's conviction. Petitioner did not raise this claim on appeal, nor has he filed a state habeas corpus petition despite it being available to him, and there is no suggestion in the record he was precluded from seeking state habeas relief. See O.C.G.A. § 9-14-42(c) and (d) (stating prisoner has four years to file state habeas in felony convictions and is informed of limitations period at sentencing). In fact, Petitioner concedes he simply mistook this § 2254 petition as the proper avenue to seek state relief. (Doc. nos. 14,16.) Thus, ground four is unexhausted while grounds one, two, and three are exhausted. See Rhines, 544 U.S. at 277.

### C. Staying the Case While Petitioner Returns to State Court to Exhaust is Inappropriate

Generally, if a petition is mixed and the petitioner declines an opportunity to amend the petition to remove the unexhausted claims, the petition should be dismissed without prejudice, allowing the petitioner to either exhaust state remedies or file a new petition with only exhausted claims. Isaac v. Augusta SMP Warden, 470 F. App'x 816, 818-19 (11th Cir. 2012) (citing Rose v. Lundy, 455 U.S. 509, 519–20 (1982)). However, petitioners with mixed petitions run the risk of losing their opportunity for any federal review of their claims because a petitioner cannot control when district courts will resolve the exhaustion question, rendering numerous petitions time-barred when re-filed in federal court. Rhines, 544 U.S. at 275. AEDPA contains a one-year statute of limitations for federal habeas corpus petitions in 28 U.S.C. § 2244(d)(1) that is tolled while a "properly filed application for state postconviction or other collateral review" is pending but is not tolled while a federal petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); see also Thomas v. Sec'y, Dep't of Corr., No. 15-14906-E, 2017 WL 5070228, at *2 n.1 (11th Cir. July 26, 2017).

5

Because of this concern with the AEDPA one-year limitations period, a court may stay the case and hold the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines, 544 U.S. at 277-78; see also Isaac, 470 F. App'x at 819 (citing Rhines). A stay and abeyance is only permitted when (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Isaac, 470 F. App'x at 819. If these conditions are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Rhines, 544 U.S. at 278. The stay and abeyance procedure is limited to these extraordinary circumstances because of the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Under Rhines, the first consideration is whether dismissal without prejudice will risk any subsequently filed federal petition being time barred, causing Petitioner to be unable to obtain federal relief. Id. at 275. Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

6

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner's appeal of his motion for a new trial was denied on October 17, 2019, his conviction became "final" when the thirty-day period to appeal expired. Wilder v. State, 806 S.E.2d 200, 200-02 (Ga. Ct. App. 2017); O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on approximately November 16, 2019. O.C.G.A. § 5-6-38(a). Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period.

AEDPA describes three situations which may delay or reset its one-year statute of limitations: (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). The Court assumes for the present discussion none of the three apply.

Even should a later petition be time-barred, Petitioner is not entitled to a stay and abeyance because he failed to show good cause for failing to exhaust ground four. See

7

Rhines, 544 U.S. 277-78; Isaac, 470 F. App'x at 819.  As explained in § II.A.2., state habeas courts are clearly an available forum for Petitioner to pursue his claims.  O.C.G.A. § 9-14-42. Petitioner's response states he is not aware how to properly seek state relief, believing this § 2254 petition acts as the proper mechanism.  (Doc. no. 16.)  The Court is not unmindful Petitioner is proceeding *pro se*, however ignorance of the law is not an excuse upon which the Court may rectify Petitioner's petition.  See Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (explaining confusion or ignorance about the law as excuses for failing to file a timely § 2254 petition would not be accepted).  Because Petitioner failed to show good cause, a stay and abeyance is unwarranted.  Because Petitioner has not satisfied the good cause requirement, the Court does not reach the second and third prongs of the Rhines analysis.

### D. Petitioner Must Elect Whether to Proceed With His Exhausted Claims or Return to State Court to Exhaust Ground Four

Where, as here, a stay and abeyance is unwarranted, a district court must offer the petitioner a choice of either dismissing the petition and returning to state court or amending the habeas petition to present only exhausted claims.  Rhines, 544 U.S. at 278; King v. Chase, 384 F. App'x 972, 975 (11th Cir. 2010).  However, "when it is obvious that the unexhausted claims would be procedurally barred in state court . . . a district court can . . . just treat those claims now barred by state law as no basis for federal habeas relief."  King, 384 F. App'x at 975 (quoting Snowden v. Singletary, 135 F.3d 732, 736-37 (11th Cir.1998)).

There is no such obvious procedural bar here because Petitioner has four years from the date his conviction became final by conclusion of direct review to file a state habeas corpus petition.  See O.C.G.A. §§ 9-14-42(c), 5-6-38(a).  While a procedural bar may exist due to Petitioner's failure to present the claim for insufficient evidence to support his conviction

8

on direct appeal, a state habeas court must still be presented this claim for a determination as to whether a showing of cause circumvents the procedural default. See O.C.G.A. §§ 9-14-48(d); Murray v. Carrier, 477 U.S. 478, 489 (explaining if a Petitioner could raise his arguments "for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available").

Accordingly, the Court should require Petitioner to either (1) dismiss the current petition in its entirety and return to state court to exhaust his ground four claim; or (2) proceed in this Court only with respect to his exhausted claims. Petitioner should keep in mind when considering either option that any subsequently filed federal habeas petition would be subject to all provisions and limitations governing § 2254 petitions.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED IN PART**, (doc. no. 11), Petitioner's ground four for insufficient evidence at trial to support his conviction **DISMISSED** for failure to exhaust, and Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claim; or (2) notify the Court of his preference to proceed in this Court only with respect to his remaining exhausted claims.

SO REPORTED and RECOMMENDED this 28th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA