IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLYDE JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-087 |
| | ) | |
| BRIAN ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On July 21, 2020, Petitioner, an inmate at Smith State Prison in Glenville, Georgia, submitted an amended petition for writ of habeas corpus challenging a judgment of conviction entered in the Superior Court of Richmond County. (Doc. no. 4.) On September 1, 2020, Respondent filed a motion to dismiss the amended petition as a "mixed" petition presenting both exhausted and unexhausted claims. (Doc. no. 11.) Petitioner filed a response stating he intended to file his petition in state court rather than federal court. (Doc. no. 16.)

On October 28, 2020, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending dismissal of Petitioner's unexhausted claims and directing Petitioner to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claim for insufficient evidence at trial; or (2) notify the Court of his preference to proceed in this Court only with respect to the remaining exhausted claims. (Doc. no. 17.) Petitioner did not respond. On November 30, 2020, the Court entered an Order adopting the Magistrate Judge's R&R and directing Petitioner, within fourteen days

of the November 30th Order, to notify the Court how he wishes to proceed with his exhausted claim. (Doc. no. 19.) The Court cautioned Petitioner if he failed to respond, the Court would assume he wishes to dismiss this petition so that he may present to the state habeas court his unexhausted claim. (Id.) Petitioner did not respond.

Accordingly, the Court **DISMISSES** the instant petition brought pursuant to 28 U.S.C. § 2254 and **CLOSES** this civil action. Petitioner should note that, while a subsequent § 2254 petition will not be barred purely by virtue of the dismissal of this action, any future petition for a writ of habeas corpus that he files will be subject to all statutory provisions applicable to such actions, including those enacted under the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. §§ 2244 & 2254.

SO ORDERED this 21st day of December, 2020, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA